WO                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monty Dukepoo, | No. CV 10-1216-PHX-RCB (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Officer Prewitt, et al., | |
| Defendants. | |

On June 7, 2010, Plaintiff Monty Dukepoo, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis*. In a June 15, 2010 Order, the Court denied without prejudice Plaintiff's deficient Application to Proceed and gave Plaintiff 30 days to pay the fee or file a complete Application to Proceed *In Forma Pauperis*.

On July 13, 2010, Plaintiff filed a Letter seeking an extension of time to pay his filing fee. On July 14, 2010, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (Doc. 6).

In a July 26, 2010 Order, the Court granted Plaintiff's Letter seeking an extension of time to pay the filing fee. On July 29, 2010, Plaintiff paid a partial filing fee of $348.37.

**I.      Second Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Second Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C.

1 § 1915(b)(1). The Court will direct the Clerk of Court to accept the July 29, 2010 partial filing fee of $348.37 and will not assess an additional initial partial filing fee. 28 U.S.C. § 1915(b)(1). The remainder of the statutory fee—$$1.67—will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual

1  allegations may be consistent with a constitutional claim, a court must assess whether there
2  are other "more likely explanations" for a defendant's conduct. Id. at 1951.

3  But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
4  must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL
5  2947323, at *3 (9th Cir. Jul. 29, 2010). A "complaint [filed by a *pro se* prisoner] 'must be
6  held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting
7  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

8  If the Court determines that a pleading could be cured by the allegation of other facts,
9  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
10 action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court
11 should not, however, advise the litigant how to cure the defects. This type of advice "would
12 undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,
13 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
14 required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for
15 failure to state a claim, without leave to amend because the defects cannot be corrected.

### III. Complaint

In his two-count Complaint, Plaintiff names as Defendants Phoenix Police Officers Prewitt, Redd, Hooke, and Adrion. Plaintiff's two counts are based on the same facts; he claims he was falsely arrested by Defendants on two counts of aggravated assault that had allegedly occurred at separate times on the same day. One count of aggravated assault was dismissed with prejudice, but Plaintiff was convicted on the other count. Plaintiff contends that his arrest and imprisonment constitute a violation of his Fourth Amendment rights (Count One) and his Fourteenth Amendment rights to due process and equal protection (Count Two). In his Request for Relief, Plaintiff seeks monetary damages, declaratory relief, his costs, and pre-judgment interest.

A prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously

been reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). This bar also extends to claims for declaratory relief. See Edwards v. Balisok, 520 U.S. 641, 648 (1997); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that Heck bars [plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded charges against him.").

Plaintiff's claims imply the invalidity of his conviction. He has not demonstrated that his conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, his claims are barred by Heck. Thus, the Court will dismiss Plaintiff's Complaint.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 6) is **granted**.

(2) The Clerk of Court is required to accept the June 29, 2010 partial filing fee of $348.37.

(3) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an additional initial partial filing fee.

(4) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(5) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(6) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this

. . .

decision would not be taken in good faith.

DATED this 15th day of August, 2010.

_____
Robert C. Broomfield
Senior United States District Judge

- 5 -