# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Monty Dukepoo, | ) | No. CV 10-1216-PHX-RCB (MHB) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Officer Prewitt, et al., | ) | |
| Defendants. | ) | |

On June 7, 2010, Plaintiff Monty Dukepoo, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a June 15, 2010 Order, the Court denied without prejudice Plaintiff's deficient Application to Proceed and gave Plaintiff 30 days to pay the fee or file a complete Application to Proceed *In Forma Pauperis*.

On July 13, 2010, Plaintiff filed a Letter seeking an extension of time to pay his filing fee. On July 14, 2010, Plaintiff filed a second Application to Proceed *In Forma Pauperis*. In a July 26, 2010 Order, the Court granted Plaintiff's Letter seeking an extension of time to pay the filing fee. On July 29, 2010, Plaintiff paid a partial filing fee of $348.37.

In an August 16, 2010 Order, the Court directed the Clerk of Court to accept the July 29, 2010 partial filing fee of $348.37, did not assess an additional initial partial filing fee, and stated that the remainder of the statutory fee—$1.67—would be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. The Court dismissed Plaintiff's Complaint because his claims were barred

by Heck v. Humphrey, 512 U.S. 477 (1994). The Clerk of Court entered Judgment on August 16, 2010.

On August 19, 2010, Plaintiff filed a "Notice" (Doc. 11), demanding his money back "NOW." He threatened to sue the Court for "forgery and theft" and also threatened that "you'll hear from me in person when I'm released from D.O.C. w[]ith a street lawyer on how I was wrongfully done by your Court rules and law with prejudice."

The Court understands Plaintiff's frustration in having paid the filing fee in this case only to have his case dismissed. However, Plaintiff made the decision to file a lawsuit, and the Court dismissed the lawsuit because Plaintiff's claims were barred under a well-established, sixteen-year-old Supreme Court decision.

The Court is unable to return Plaintiff's partial filing fee and the Arizona Department of Corrections will continue to collect and forward to the Clerk of Court the remainder of the filing fee. Congress set the filing fee and did not give the Court the authority to waive, return, or reduce it. See 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

**IT IS ORDERED** that Plaintiff's Notice (Doc. 11) demanding the return of his filing fee is **denied**. This case must remain **closed**.

DATED this 31st day of August, 2010.

_____
Robert C. Broomfield
Senior United States District Judge